# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE:<br><br>ANDREW L. TURNER,<br><br>        Debtor. | NO. 19-12054<br><br>DEBTOR'S MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY |

DEBTOR ANDREW TURNER moves this Court for an order finding that creditor Anthony Tabatznik, through his counsel Mark Goodman, Craig Sweeney, and/or Joseph Calao, has willfully violated the automatic stay in bankruptcy and is liable to the Debtor for sanctions. The creditor continues to garnish Mr. Turner's paycheck despite considerable effort on the part of Debtor's counsel to get the creditor to stop.

Mr. Turner seeks an order directing the immediate return of $7,630.51 in wages wrongfully garnished postpetition, as well as actual damages for attorney's fees and costs in an amount of at least $2,250, plus punitive damages of $2,500 in light of the multiple ongoing violations described herein.

DEBTOR'S MOTIONS FOR SANCTIONS - Page 1 of 5

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Mr. Turner filed his Chapter 7 bankruptcy petition on May 31, 2019. The creditor received actual notice through counsel a few days later, and prior to the issuance of any postpetition paychecks by Mr. Turner's employer. Yet the garnishment withholdings continue. There have now been three postpetition bi-weekly paychecks issued with funds withheld. Informal attempts to get the creditor to stop garnishing have failed. A court sanction is the next step.

Prior to his bankruptcy filing, Mr. Turner's paychecks were being garnished by judgment creditor Anthony Tabatznik. Mr. Tabatznik has at least three attorneys working on the Turner matter: Joseph Calao, in New York City; Mark Goodman, in St. Louis, Missouri; and Craig Sweeney, in Marietta, Ohio. The wage garnishment was commenced in Ohio, where Mr. Turner's employer is located, following registration of a $2-million-plus judgment obtained by Mr. Tabatznik against Mr. Turner in U.S. District Court in New York.

All three attorneys for Mr. Tabatznik, as well as Mr. Tabatznik himself (a resident of the UK) directly, are listed on Mr. Turner's bankruptcy schedules. Further, on June 4, 2019, Mr. Turner's counsel sent an email to Mr. Calao, with a copy to Mr. Goodman, advising of the bankruptcy filing and that any wage garnishment must be released. Declaration of Alan J. Wenokur, Exhibit A.

Eight days after filing and on June 7, 2019, Mr. Turner's paycheck was issued but with $2,543.57 deducted for a wage garnishment. Declaration Exhibit B.

On June 10, 2019, Mr. Wenokur emailed Mr. Calao and Mr. Goodman to advise that the postpetition garnishment was improper and the funds needed to be immediately returned to Mr. Turner. Exhibit C. Mr. Goodman responded right away, advising that he was contacting local counsel to take action.

Mr. Goodman then emailed Mr. Wenokur on June 11, asking to be called, and saying that he was not sure Mr. Wenokur was correct regarding dates. Exhibit D.

DEBTOR'S MOTIONS FOR SANCTIONS - Page 2 of 5

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 19-12054-CMA    Doc 14    Filed 07/12/19    Ent. 07/12/19 11:14:44    Pg. 2 of 5

Given attorneys' schedules, it took a few days to connect by phone. Mr. Wenokur later spoke with Mark Goodman and Craig Sweeney, and explained to them that the automatic stay required that they take affirmative steps to stop the garnishment and restore the withheld funds.

On June 21, 2019, the date of the next paycheck, Mr. Turner's pay was again reduced by $2,543.57 for the ongoing wage garnishment. Mr. Wenokur emailed Mr. Goodman and Mr. Sweeney and requested that they take care of matters immediately. Mr. Goodman responded by stating that he would ask Mr. Sweeney to do so. Exhibit E.

After Mr. Goodman emailed Mr. Wenokur to confirm an assumption that a simple notice to the employer would not suffice, Mr. Wenokur responded by providing case law stating that the creditor has an affirmative duty to release the garnishment. Exhibit F.

On July 1, Mr. Wenokur exchanged emails with Mr. Sweeney, the Ohio attorney for Tabatznik. Mr. Sweeney had been communicating with Scott Clements, Mr. Turner's attorney in Ohio. Mr. Sweeney had asked Mr. Clements to sign off on a proposed agreed order in the Ohio garnishment action that would direct a stay of the garnishment "pending the outcome of said Bankruptcy." He was again advised that the garnishment needed to be released, and all funds improperly garnished needed to be returned to Mr. Turner. He was also advised that the creditor needed to act unilaterally and that actions should not be held up based on a perceived need to get the signature of Mr. Turner's counsel on a court order quashing the garnishment. Exhibit G.

Mr. Sweeney then sent a revised form of order that provided that the garnishment was stayed, and that all funds withheld on or after May 31 are to be returned to Mr. Turner. Mr. Wenokur responded by stating that while that wording was less than ideal, the order would suffice so long as there was no further interference with the paycheck and that the garnishment would get released altogether upon entry of a discharge order. Exhibit H.

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

It is unknown if that order was ever entered. But Mr. Turner's next paycheck on July 5 was garnished, again for $2,543.57. Exhibit I. He has now had $7,630.31 withheld from three paychecks post-filing by a creditor who well knows that he is violating the stay.

11 USC § 362(a)(2) provides that a bankruptcy filing operates as a stay of "the enforcement, against the debtor or against property of the debtor, of a judgment obtained before the commencement of the case under this title." A wage garnishment is indisputably the enforcement of a judgment against the debtor. Any postjudgment wage garnishment is prohibited by the § 362 automatic stay.

Upon learning of the bankruptcy filing on June 4, Mr. Tabatznik was required to take immediate steps to halt the garnishment. "The scope of the automatic stay is sufficiently broad so as to place an affirmative duty on a creditor garnishing a debtor's wages to release the garnishment upon receiving notice of the debtor's bankruptcy. *In re Scroggin*, 364 B.R. 772, 779-80 (10th Cir. B.A.P. 2007); *In re Timbs v. Gross*, 178 B.R. 989, 991 (Bankr. E.D. Term. 1994); *In re Dennis*, 17 B.R. 558, 560 (Bankr. M.D.Ga. 1982)." *In re Russell*, 441 B.R. 859, 861-62 (Bankr. N.D. Ohio 2010).

The Bankruptcy Code provides for sanctions when the stay is willfully violated. "[A]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).

To establish a right to damages for a "willful violation," the injured party must show that the creditor knew of the automatic stay and that the creditor's actions which violated the stay were intentional. The creditor's good faith belief that it had a right to continue to garnish (if that is what this creditor will argue) is not relevant to whether the act was "willful" or whether compensation must be awarded. *In re Pace,* 67 F.3d 187, 191 (9th Cir. 1995).

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Mr. Tabatznik, through his counsel, indisputably had actual knowledge of the bankruptcy filing on June 4, prior to issuance of the June 7 paycheck. Even if Mr. Tabatznik were to suggest that he could not act quickly enough to stop the garnishment on the June 7 paycheck, there is no possible excuse for the second garnished check on June 21. Counsel for Mr. Tabatznik had been educated well prior to that date on their need to take immediate action.

There was no purpose in getting Mr. Turner's counsel involved to hash out an order halting the garnishment. Unilateral action was required. Time spent on that effort was time wasted, because the third garnishment happened in spite of that effort. The fact that there has now been a third garnished check illustrates the creditor's contempt for the process and his lack of respect for the automatic stay.

An order directing Mr. Tabatznik to promptly restore to Mr. Turner the $7,630.51 withheld postpetition is appropriate. So, too, are sanctions to compensate Mr. Turner for his attorney's fees and costs. Mr. Wenokur conservatively estimates that he has spent five hours on this issue, at $450 per hour. He requests leave to provide a more detailed time record if the Court desires.

Lastly, given the extent of the violation, ongoing now for well over one month, punitive damages are appropriate. Mr. Turner requests an additional $2,500 in sanctions.

Dated July 11, 2019.

WENOKUR RIORDAN PLLC

*/s/ Alan J. Wenokur*

———————————————
Alan J. Wenokur, # 13679
Attorney for Debtor Andrew Turner

DEBTOR'S MOTIONS FOR SANCTIONS - Page 5 of 5

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 19-12054-CMA    Doc 14    Filed 07/12/19    Ent. 07/12/19 11:14:44    Pg. 5 of 5