# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

IN RE:

ANDREW L. TURNER,

                Debtor.

NO. 19-12054

DECLARATION OF ALAN J. WENOKUR IN SUPPORT OF MOTION FOR SANCTIONS

ALAN J. WENOKUR declares under penalty of perjury under all applicable laws as follows:

1. I am a member of Wenokur Riordan PLLC, and attorney for the Debtor Andrew Turner in this matter. I make this statement from my personal knowledge.

2. Mr. Turner filed his Chapter 7 case on May 31, 2019.

3. Prior to his bankruptcy filing, Mr. Turner's paychecks were being garnished by judgment creditor Anthony Tabatznik. Mr. Tabatznik has at least three attorneys working on the Turner matter: Joseph Calao, in New York City; Mark Goodman, in St. Louis, Missouri; and Craig Sweeney, in Marietta, Ohio. The wage garnishment was commenced in Ohio (where Mr. Turner's employer is

DECLARATION OF ALAN J. WENOKUR - Page 1 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

located) following registration of a New York judgment. All three attorneys, as well as Mr. Tabatznik (a resident of the UK) directly, are listed on the bankruptcy schedules.

4. On June 4, 2019, I sent an email to Mr. Calao, copy to Mr. Goodman, advising of the bankruptcy filing and that any wage garnishment must be released. A copy is attached as Exhibit A.

5. On June 7, 2019, Mr. Turner's paycheck was issued but with $2,543.57 deducted for a wage garnishment. Exhibit B.

6. On June 10, 2019, I emailed Mr. Calao and Mr. Goodman to advise that the postpetition garnishment was improper and the funds needed to be immediately returned to Mr. Turner. Exhibit C. Mr. Goodman responded right away, advising that he was contacting local counsel to take action.

7. Mr. Goodman then emailed me on June 11, asking me to call him, and saying that he was not sure I was correct regarding dates. Exhibit D.

8. Given attorneys' schedules, it took a few days to connect by phone. I then spoke with Mark Goodman and Craig Sweeney, and explained to them that the automatic stay required that they take affirmative steps to stop the garnishment and restore the withheld funds.

9. On June 21, 2019, the date of the next paycheck, Mr. Turner's pay was again shy $2,543.57 for the ongoing wage garnishment. I emailed Mr. Goodman and Mr. Sweeney and requested that they take care of matters immediately. Mr. Goodman responded by stating that he would ask Mr. Sweeney to do so. Exhibit E.

10. Mr. Goodman then emailed me to ask me to confirm his assumption that a simple notice to the employer would not suffice. I responded by providing him with case law stating that the creditor has an affirmative duty to release the garnishment. Exhibit F.

11. On July 1, I had an exchange with Mr. Sweeney, who had been communicating with Scott Clements, Mr. Turner's attorney in Ohio. Mr. Sweeney had asked Mr. Clements to sign off on a

DECLARATION OF ALAN J. WENOKUR - Page 2 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

proposed agreed order in the Ohio garnishment action that would direct a stay of the garnishment "pending the outcome of said Bankruptcy." I responded by again stating that the garnishment needed to be released, and all funds improperly garnished needed to be returned to Mr. Turner. I also advised that the creditor needed to act unilaterally and that actions should not be held up based on a perceived need to get the signature of Mr. Turner's counsel. Exhibit G.

12. Mr. Sweeney then sent me a revised form of order that provided that the garnishment was stayed, and that all funds withheld on or after May 31 are to be returned to Mr. Turner. I responded by stating that while that wording was less than ideal, the order would suffice so long as there was no further interference with the paycheck and that the garnishment would get released altogether upon entry of a discharge order. Exhibit H.

13. I do not know if this order was ever entered. I have heard nothing further from Mr. Tabatznik's counsel. But to my and my client's ongoing frustration, Mr. Turner's next paycheck on July 5 was garnished, again for $2,543.57. Exhibit I.

Dated July 11, 2019, in Seattle, Washington.

*/s/ Alan J. Wenokur*

_____
Alan J. Wenokur, WSBA # 13679
Attorney for Andrew Turner

DECLARATION OF ALAN J. WENOKUR - Page 3 of 3

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

# EXHIBIT A

| | |
|---|---|
| **From:** | Alan Wenokur |
| **Sent:** | Tuesday, June 4, 2019 1:37 PM |
| **To:** | Joseph G. Colao |
| **Cc:** | Mark Goodman (Goodman@capessokol.com) |
| **Subject:** | RE: Tabatznik v. Turner |
| **Attachments:** | 341 notice.pdf |

Counsel: Andrew Turner filed a Chapter 7 bankruptcy petition on 5/31. A copy of the notice is attached. You will also be receiving a notice from the Court. All litigation against Mr. Turner is now stayed. To the extent there is a wage garnishment still pending, that must be released right away.

Alan Wenokur

---

**From:** Joseph G. Colao <jcolao@leaderberkon.com>
**Sent:** Monday, June 3, 2019 6:59 AM
**To:** Andrew Turner <andrewlturner2@gmail.com>; Alan Wenokur <alan@wrlawgroup.com>
**Cc:** Mark Goodman (Goodman@capessokol.com) <Goodman@capessokol.com>
**Subject:** RE: Tabatznik v. Turner

Mr. Turner,

Pursuant to the Court's April 24, 2019 Order, all outstanding documents were to be produced by May 24, 2019.  To date, we have yet to receive any additional documents from you.  Nor have you requested an extension of time.  Accordingly, you are once again in violation of a Court Order.  Please advise immediately when documents will be produced.

Please also be advised that all outstanding documents must be produced well in advance of your June 25, 2019 deposition.

Joe.



**Joseph G. Colao, Esq.**
630 Third Avenue, New York, NY 10017
P  212.486.2400 | F  212.486.3099
leaderberkon.com  |  Bio  |  vCard

---

**From:** Joseph G. Colao
**Sent:** Wednesday, April 24, 2019 2:30 PM
**To:** Andrew Turner <andrewlturner2@gmail.com>; Alan Wenokur <alan@wrlawgroup.com>
**Cc:** Mark Goodman (Goodman@capessokol.com) <Goodman@capessokol.com>
**Subject:** Re: Tabatznik v. Turner

1

# EXHIBIT B

**Alan Wenokur**

| | |
|---|---|
| **From:** | Andrew Turner <andrewlturner2@gmail.com> |
| **Sent:** | Friday, June 7, 2019 12:12 PM |
| **To:** | Alan Wenokur |
| **Subject:** | Fwd: Check stub |

Sent from Andrew L Turner's iPad

Begin forwarded message:

> **From:** Tom Leonard <Tom.Leonard@TrinityRehabServices.com>
> **Date:** June 7, 2019 at 11:32:08 AM PDT
> **To:** Andrew L Turner <andrewlturner2@gmail.com>
> **Subject: Check stub**
>
>
> Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), please contact the sender by reply e-mail and destroy all copies of the communication and any attachments.

1



| CO. | FILE | DEPT. | CLOCK | VCHR. NO. | 056 |
| FHC | 001741 | 000100 | | 0000220012 | 1 |

TRINITY REHABILITATION SERVICES LLC
72640 FAIRPOINT-NEW ATHENS ROAD
ST.CLAIRSVILLE OH 43950

## Earnings Statement

Period Beginning: 05/12/2019
Period Ending: 05/25/2019
Pay Date: 06/07/2019

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 1
WA: No State Income Tax

ANDREW LLOYD TURNER
13002 SUNRISE DRIVE, NE
BAINBRIDGE ISLAND WA 98110

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14230.76 | 80.00 | 14,230.76 | 170,769.12 |
| | **Gross Pay** | | **$14,230.76** | 170,769.12 |

**Important Notes**
7406950069

| Deductions | Statutory | | |
|---|---|---|---|
| | Federal Income Tax | -2,919.74 | 35,036.88 |
| | Medicare Tax | -206.34 | 2,476.15 |
| | Social Security Tax | | 8,239.80 |
| | WA Paid Family Leave Ins | | 177.16 |
| | WA Paid Medical Leave Ins | | 159.48 |

| | Other | | |
|---|---|---|---|
| | Garnishment | -2,543.57 | 7,630.71 |

| | **Net Pay** | **$8,561.11** | |
| | Checking | -8,561.11 | |
| | **Net Check** | **$0.00** | |

# EXHIBIT C

| | |
|---|---|
| **From:** | Alan Wenokur |
| **Sent:** | Monday, June 10, 2019 9:43 AM |
| **To:** | Joseph G. Colao; Mark Goodman (Goodman@capessokol.com) |
| **Subject:** | Turner / Tabatznik  STAY OF COLLECTION AND POSTPETITION GARNISHMENT |

Counsel: Andrew Turner's paycheck dated June 7, 2019, contained an entry for a $2,543.57 wage garnishment withholding. This garnishment should have terminated effective May 31, the date of Mr. Turner's Chapter 7 filing. The postpetition garnishment is a violation of the bankruptcy stay. Affirmative steps need to be taken on your part to stop the garnishment and get the funds withheld returned to Mr. Turner. Please give this your immediate attention. Thank you.

Alan J. Wenokur
WENOKUR RIORDAN PLLC
600 Stewart St., Suite 1300
Seattle, WA  98101
(206) 682-6224
www.wrlawgroup.com

NOTICE:  This electronic message transmission contains information which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you received this electronic transmission in error, please notify the sender and delete the copy you received.

# EXHIBIT D

| | |
|---|---|
| **From:** | Mark E. Goodman <Goodman@capessokol.com> |
| **Sent:** | Tuesday, June 11, 2019 12:56 PM |
| **To:** | Alan Wenokur |
| **Subject:** | RE: Turner / Tabatznik  STAY OF COLLECTION AND POSTPETITION GARNISHMENT |

Alan, would you please call me to discuss this. I am not sure you are correct regarding the dates. Thanks.

## Mark E. Goodman
Senior Counsel
*Capes Sokol*

**Pierre Laclede Center**
7701 Forsyth Boulevard, Twelfth Floor
St. Louis, Missouri 63105-1818
**P:** 314.505.5430
**F:** 314.505.5431
**C:** 314.602.9250
[capessokol.com](capessokol.com)





*Capes, Sokol, Goodman & Sarachan, P.C. CONFIDENTIALITY NOTICE:  The materials enclosed with this email transmission are private and confidential. The information contained in the material is privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited.  If you have received this email transmission in error, please immediately notify us either by telephone or by email to arrange for return of the emailed information to us.*

**From:** Alan Wenokur <alan@wrlawgroup.com>
**Sent:** Monday, June 10, 2019 11:43 AM
**To:** Joseph G. Colao <jcolao@leaderberkon.com>; Mark E. Goodman <Goodman@capessokol.com>
**Subject:** Turner / Tabatznik STAY OF COLLECTION AND POSTPETITION GARNISHMENT

Counsel: Andrew Turner's paycheck dated June 7, 2019, contained an entry for a $2,543.57 wage garnishment withholding. This garnishment should have terminated effective May 31, the date of Mr. Turner's Chapter 7 filing. The postpetition garnishment is a violation of the bankruptcy stay. Affirmative steps need to be taken on your part to stop

the garnishment and get the funds withheld returned to Mr. Turner. Please give this your immediate attention. Thank you.

Alan J. Wenokur
WENOKUR RIORDAN PLLC
600 Stewart St., Suite 1300
Seattle, WA 98101
(206) 682-6224
www.wrlawgroup.com

NOTICE: This electronic message transmission contains information which may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you received this electronic transmission in error, please notify the sender and delete the copy you received.

# EXHIBIT E

| | |
|---|---|
| **From:** | Mark E. Goodman <Goodman@capessokol.com> |
| **Sent:** | Friday, June 21, 2019 9:35 AM |
| **To:** | Alan Wenokur |
| **Subject:** | RE: Turner post-petition check stub |

I have asked Craig to take care of this immediately.

## Mark E. Goodman
Senior Counsel
*Capes Sokol*

**Pierre Laclede Center**
7701 Forsyth Boulevard, Twelfth Floor
St. Louis, Missouri 63105-1818
**P:** 314.505.5430
**F:** 314.505.5431
**C:** 314.602.9250
[capessokol.com](capessokol.com)





*Capes, Sokol, Goodman & Sarachan, P.C. CONFIDENTIALITY NOTICE: The materials enclosed with this email transmission are private and confidential. The information contained in the material is privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email transmission in error, please immediately notify us either by telephone or by email to arrange for return of the emailed information to us.*

**From:** Alan Wenokur <alan@wrlawgroup.com>
**Sent:** Friday, June 21, 2019 11:04 AM
**To:** Mark E. Goodman <Goodman@capessokol.com>; Sweeney, Craig <CSweeney@bricker.com>
**Subject:** RE: Turner post-petition check stub

Andy Turner tells me that additional money was withheld from his paycheck this week. You really need to take care of this immediately and see that all money withheld postpetition is restored to his wages.

Alan Wenokur

**From:** Mark E. Goodman <Goodman@capessokol.com>
**Sent:** Tuesday, June 18, 2019 12:48 PM
**To:** Sweeney, Craig <CSweeney@bricker.com>
**Cc:** Alan Wenokur <alan@wrlawgroup.com>
**Subject:** FW: Turner post-petition check stub

Craig, see below.

## Mark E. Goodman
Senior Counsel
*Capes Sokol*

**Pierre Laclede Center**
7701 Forsyth Boulevard, Twelfth Floor
St. Louis, Missouri 63105-1818
**P:** 314.505.5430
**F:** 314.505.5431
**C:** 314.602.9250
capessokol.com



*Capes, Sokol, Goodman & Sarachan, P.C. CONFIDENTIALITY NOTICE: The materials enclosed with this email transmission are private and confidential. The information contained in the material is privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email transmission in error, please immediately notify us either by telephone or by email to arrange for return of the emailed information to us.*

**From:** Alan Wenokur <alan@wrlawgroup.com>
**Sent:** Tuesday, June 18, 2019 2:32 PM
**To:** Mark E. Goodman <Goodman@capessokol.com>
**Subject:** Turner post-petition check stub

Mark—Below is the paystub for pay date 6/7/2019, showing a $2,543.57 wage garnishment. I don't have Craig Sweeney's email address. Please forward to him. Thank you.

Alan

**From:** Andrew Turner <andrewlturner2@gmail.com>
**Sent:** Friday, June 7, 2019 12:12 PM
**To:** Alan Wenokur <alan@wrlawgroup.com>
**Subject:** Fwd: Check stub


Sent from Andrew L Turner's iPad

Begin forwarded message:

> **From:** Tom Leonard <Tom.Leonard@TrinityRehabServices.com>
> **Date:** June 7, 2019 at 11:32:08 AM PDT
> **To:** Andrew L Turner <andrewlturner2@gmail.com>
> **Subject: Check stub**


Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), please contact the sender by reply e-mail and destroy all copies of the communication and any attachments.



# EXHIBIT F

| | |
|---|---|
| **From:** | Alan Wenokur |
| **Sent:** | Friday, June 21, 2019 10:36 AM |
| **To:** | Mark E. Goodman |
| **Subject:** | RE: Turner post-petition check stub |

That is correct. You need to take affirmative actions to quash the garnishment. The law on this is clear. E.g.:

The scope of the automatic stay is sufficiently broad so as to place an affirmative duty on a creditor garnishing a debtor's wages to release the garnishment upon receiving notice of the debtor's bankruptcy. [*862] *In re Scroggin*, 364 B.R. 772, 779-80 (10th Cir. B.A.P. 2007); *In re Timbs v. Gross*, 178 B.R. 989, 991 (Bankr. E.D. Term. 1994); *In re Dennis*, 17 B.R. 558, 560 (Bankr. M.D.Ga. 1982).

In re Russell, 441 B.R. 859, 861-62 (Bankr. N.D. Ohio 2010)

---

**From:** Mark E. Goodman <Goodman@capessokol.com>
**Sent:** Friday, June 21, 2019 9:38 AM
**To:** Alan Wenokur <alan@wrlawgroup.com>
**Subject:** RE: Turner post-petition check stub

I assume that simple notice of the May 31 filing to the employer will not suffice, correct?

## Mark E. Goodman
Senior Counsel
*Capes Sokol*

**Pierre Laclede Center**
7701 Forsyth Boulevard, Twelfth Floor
St. Louis, Missouri 63105-1818
**P:** 314.505.5430
**F:** 314.505.5431
**C:** 314.602.9250
capessokol.com



*Capes, Sokol, Goodman & Sarachan, P.C. CONFIDENTIALITY NOTICE:  The materials enclosed with this email transmission are private and confidential. The information contained in the material is privileged and is*

*intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email transmission in error, please immediately notify us either by telephone or by email to arrange for return of the emailed information to us.*

---

**From:** Alan Wenokur <alan@wrlawgroup.com>
**Sent:** Friday, June 21, 2019 11:37 AM
**To:** Mark E. Goodman <Goodman@capessokol.com>
**Subject:** RE: Turner post-petition check stub

Thank you.

---

**From:** Mark E. Goodman <Goodman@capessokol.com>
**Sent:** Friday, June 21, 2019 9:35 AM
**To:** Alan Wenokur <alan@wrlawgroup.com>
**Subject:** RE: Turner post-petition check stub

I have asked Craig to take care of this immediately.

# Mark E. Goodman
Senior Counsel
*Capes Sokol*

**Pierre Laclede Center**
7701 Forsyth Boulevard, Twelfth Floor
St. Louis, Missouri 63105-1818
**P:** 314.505.5430
**F:** 314.505.5431
**C:** 314.602.9250
capessokol.com



*Capes, Sokol, Goodman & Sarachan, P.C. CONFIDENTIALITY NOTICE:  The materials enclosed with this email transmission are private and confidential. The information contained in the material is privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited.  If you have received this email transmission in error, please immediately notify us either by telephone or by email to arrange for return of the emailed information to us.*

**From:** Alan Wenokur <[alan@wrlawgroup.com](mailto:alan@wrlawgroup.com)>
**Sent:** Friday, June 21, 2019 11:04 AM
**To:** Mark E. Goodman <[Goodman@capessokol.com](mailto:Goodman@capessokol.com)>; Sweeney, Craig <[CSweeney@bricker.com](mailto:CSweeney@bricker.com)>
**Subject:** RE: Turner post-petition check stub

Andy Turner tells me that additional money was withheld from his paycheck this week. You really need to take care of this immediately and see that all money withheld postpetition is restored to his wages.

Alan Wenokur

**From:** Mark E. Goodman <[Goodman@capessokol.com](mailto:Goodman@capessokol.com)>
**Sent:** Tuesday, June 18, 2019 12:48 PM
**To:** Sweeney, Craig <[CSweeney@bricker.com](mailto:CSweeney@bricker.com)>
**Cc:** Alan Wenokur <[alan@wrlawgroup.com](mailto:alan@wrlawgroup.com)>
**Subject:** FW: Turner post-petition check stub

Craig, see below.

## Mark E. Goodman
Senior Counsel
*Capes Sokol*

**Pierre Laclede Center**
7701 Forsyth Boulevard, Twelfth Floor
St. Louis, Missouri 63105-1818
**P:** 314.505.5430
**F:** 314.505.5431
**C:** 314.602.9250
[capessokol.com](http://capessokol.com)



*Capes, Sokol, Goodman & Sarachan, P.C. CONFIDENTIALITY NOTICE: The materials enclosed with this email transmission are private and confidential. The information contained in the material is privileged and is intended only for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, be advised that unauthorized use, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this emailed information is strictly prohibited. If you have received this email transmission in error, please immediately notify us either by telephone or by email to arrange for return of the emailed information to us.*

**From:** Alan Wenokur <[alan@wrlawgroup.com](mailto:alan@wrlawgroup.com)>
**Sent:** Tuesday, June 18, 2019 2:32 PM

**To:** Mark E. Goodman <Goodman@capessokol.com>
**Subject:** Turner post-petition check stub

Mark—Below is the paystub for pay date 6/7/2019, showing a $2,543.57 wage garnishment. I don't have Craig Sweeney's email address. Please forward to him. Thank you.

Alan

---

**From:** Andrew Turner <andrewlturner2@gmail.com>
**Sent:** Friday, June 7, 2019 12:12 PM
**To:** Alan Wenokur <alan@wrlawgroup.com>
**Subject:** Fwd: Check stub

Sent from Andrew L Turner's iPad

Begin forwarded message:

> **From:** Tom Leonard <Tom.Leonard@TrinityRehabServices.com>
> **Date:** June 7, 2019 at 11:32:08 AM PDT
> **To:** Andrew L Turner <andrewlturner2@gmail.com>
> **Subject: Check stub**

Confidentiality Notice: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the addressee indicated in this message (or responsible for delivery of the message to such person), please contact the sender by reply e-mail and destroy all copies of the communication and any attachments.



CO. FILE DEPT. CLOCK VCHR. NO. 056
FHC 001741 000100 0000220012 1

TRINITY REHABILITATION SERVICES LLC
72640 FAIRPOINT-NEW ATHENS ROAD
ST.CLAIRSVILLE OH 43950

## Earnings Statement

**ADP**

Period Beginning: 05/12/2019
Period Ending: 05/25/2019
Pay Date: 06/07/2019

Taxable Marital Status: Married
Exemptions/Allowances:
Federal: 1
WA: No State Income Tax

ANDREW LLOYD TURNER
13002 SUNRISE DRIVE, NE
BAINBRIDGE ISLAND WA 98110

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 14230.76 | 80.00 | 14,230.76 | 170,769.12 |
| **Gross Pay** | | | **$14,230.76** | 170,769.12 |

**Important Notes**
7406950069

| Deductions | | this period | year to date |
|---|---|---|---|
| **Statutory** | | | |
| Federal Income Tax | | -2,919.74 | 35,036.88 |
| Medicare Tax | | -206.34 | 2,476.15 |
| Social Security Tax | | | 8,239.80 |
| WA Paid Family Leave Ins | | | 177.16 |
| WA Paid Medical Leave Ins | | | 159.48 |
| **Other** | | | |
| Garnishment | | -2,543.57 | 7,630.71 |
| **Net Pay** | | **$8,561.11** | |
| Checking | | -8,561.11 | |
| **Net Check** | | **$0.00** | |

Case 19-12054-CMA    Doc 16    Filed 07/12/19    Ent. 07/12/19 11:16:53    Pg. 23 of 34

# EXHIBIT G

| | |
|---|---|
| **From:** | Alan Wenokur |
| **Sent:** | Monday, July 1, 2019 12:15 PM |
| **To:** | Sweeney, Craig; Mark E. Goodman |
| **Cc:** | Clements, Scott; Andrew Turner |
| **Subject:** | FW: Tabatznik v. Turner [IWOV-Bricker2.FID1651150] [DMC-MAIN.FID2040439] |
| **Attachments:** | Notice of Bankruptcy.DOCX; Entry of Stay.DOCX |

Counsel: Scott Clements forwarded this to me. As I've said before, you need to quash the garnishment such that the money held by the employer post-bankruptcy is restored to Mr. Turner. A "stay" of the garnishment, as I interpret the word "stay," would maintain the status quo including the improper postpetition garnishment of funds. It's not clear to me that your proposed order would accomplish that. Further, this is an act that needs to be taken unilaterally and should not depend on the signature or consent of Mr. Turner's counsel.

Please assure us that this order is going to stop the garnishment and is going to result in the post-bankruptcy garnished funds being restored to Mr. Turner.

Alan

---

**From:** Clements, Scott <sclements@dmclaw.com>
**Sent:** Monday, July 1, 2019 11:29 AM
**To:** Alan Wenokur <alan@wrlawgroup.com>
**Cc:** Andrew L Turner (andrewlturner2@gmail.com) (andrewlturner2@gmail.com) <andrewlturner2@gmail.com>; Cozza, Piero <PCozza@dmclaw.com>
**Subject:** FW: Tabatznik v. Turner [IWOV-Bricker2.FID1651150] [DMC-MAIN.FID2040439]

Alan,

As requested, please see the below email string and attachments.  Please let us know how you and Andy would like us to proceed.

Thanks very much,
Scott

**Scott D. Clements, Esquire**
Shareholder
412-392-5484 Office
888-811-7144 Fax
sclements@dmclaw.com | Bio/vCard



NOTICE: You have received an e-mail from sclements@dmclaw.com. The e-mail message and all attachments transmitted with it are intended solely for the use of the intended recipient and may contain legally privileged and confidential information. If you are not the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of the message or its attachments is strictly prohibited. If you

1

have received a message in error, please notify the sender immediately by replying to the message and delete the message from your computer.

**From:** Cozza, Piero
**Sent:** Sunday, June 30, 2019 8:12 PM
**To:** 'Sweeney, Craig' <CSweeney@bricker.com>
**Cc:** Clements, Scott <sclements@dmclaw.com>; Wilson, Nancy <NWilson@dmclaw.com>; Skipper, Amber <askipper@dmclaw.com>
**Subject:** FW: Tabatznik v. Turner [IWOV-Bricker2.FID1651150] [DMC-MAIN.FID2040439]

Craig:

Let me talk to Scott Clemons about this and one of us will get back to you.  I was out several days last weeks due to a mediation and hearings.

Pete


**Piero P. Cozza, Esquire**
Shareholder
740-284-1682 Office
888-811-7144 Fax
PCozza@dmclaw.com

**From:** Sweeney, Craig <CSweeney@bricker.com>
**Sent:** Tuesday, June 25, 2019 4:00 PM
**To:** Cozza, Piero <PCozza@dmclaw.com>
**Subject:** Tabatznik v. Turner [IWOV-Bricker2.FID1651150]

**This message originated from outside your organization**

Pete,

I have attached draft filings in the above-referenced matter. Shortly after receiving the Judgment Entry in our case, I received a proof of claim form for Mr. Turner. In conjunction with my client's national counsel (and pursuant to the bankruptcy stay), we need to stay the garnishment. I spoke to the Belmont County Clerk of Courts and they indicate that the attached with suffice.

Please let me know if you have any comments or suggestions, and if I have your consent to sign your name "per authorization."

--Craig




**Craig E. Sweeney**
Of Counsel
**Bricker & Eckler LLP**   |   258 Front Street   |   Marietta, OH 45750

**Direct Dial**   |   **csweeney@bricker.com**   |   **v-card**   |   **www.bricker.com**

This electronic transmission contains information from the law firm of Bricker & Eckler LLP which is privileged, confidential or otherwise the exclusive property of the intended recipient or Bricker & Eckler LLP. This information is intended for the use of the individual or entity that is the intended recipient. If you have received this electronic transmission in error, please notify us by telephone at 614-227-8899, or by electronic mail at webmaster@bricker.com. Please promptly destroy the original transmission. Thank you for your assistance.

# EXHIBIT H

**From:** Alan Wenokur
**Sent:** Monday, July 1, 2019 12:54 PM
**To:** Sweeney, Craig; Mark E. Goodman
**Cc:** Clements, Scott; Andrew Turner
**Subject:** RE: Tabatznik v. Turner [DMC-MAIN.FID2040439] [IWOV-Bricker2.FID1651150]

While I think you actually need to strike the garnishment proceeding altogether, it looks like this order gets us where we need to be for now. That is, provided that there is no further interference with Mr. Turner's right to a full paycheck going forward.

Once Mr. Turner gets his discharge in bankruptcy, you will be under an affirmative duty at that point to dismiss the garnishment action altogether, without further notice from me. That is, it should not await a final order in the bankruptcy, but a discharge order.

Alan Wenokur

**From:** Sweeney, Craig <CSweeney@bricker.com>
**Sent:** Monday, July 1, 2019 12:29 PM
**To:** Alan Wenokur <alan@wrlawgroup.com>; Mark E. Goodman <Goodman@capessokol.com>
**Cc:** Clements, Scott <sclements@dmclaw.com>; Andrew Turner <andrewlturner2@gmail.com>
**Subject:** RE: Tabatznik v. Turner [DMC-MAIN.FID2040439] [IWOV-Bricker2.FID1651150]

Alan,

I have attached a revised Notice and Entry for your review that will facilitate the repayment of the funds garnished post-bankruptcy. Until a final order is issued in the bankruptcy (and in the event of a voluntary dismissal), my client will agree to a stay, rather than an outright dismissal of the garnishment action.

Let me know if the attached meets your client's approval.

--Craig



**Craig E. Sweeney**
Senior Counsel
**Bricker & Eckler LLP**  |  258 Front Street  |  Marietta, OH 45750
**Direct Dial (740) 374-4405**  |  **csweeney@bricker.com**  |  **v-card**  |  **www.bricker.com**

This electronic transmission contains information from the law firm of Bricker & Eckler LLP which is privileged, confidential or otherwise the exclusive property of the intended recipient or Bricker & Eckler LLP. This information is intended for the use of the individual or entity that is the intended recipient. If you have received this electronic transmission in error, please notify us by telephone at 614-227-8899, or by electronic mail at webmaster@bricker.com. Please promptly destroy the original transmission. Thank you for your assistance.

**From:** Alan Wenokur <alan@wrlawgroup.com>
**Sent:** Monday, July 1, 2019 3:15 PM
**To:** Sweeney, Craig <CSweeney@bricker.com>; Mark E. Goodman <Goodman@capessokol.com>
**Cc:** Clements, Scott <sclements@dmclaw.com>; Andrew Turner <andrewlturner2@gmail.com>
**Subject:** FW: Tabatznik v. Turner [IWOV-Bricker2.FID1651150] [DMC-MAIN.FID2040439]

**This Message originated outside your organization.**

Counsel: Scott Clements forwarded this to me. As I've said before, you need to quash the garnishment such that the money held by the employer post-bankruptcy is restored to Mr. Turner. A "stay" of the garnishment, as I interpret the word "stay," would maintain the status quo including the improper postpetition garnishment of funds. It's not clear to me that your proposed order would accomplish that. Further, this is an act that needs to be taken unilaterally and should not depend on the signature or consent of Mr. Turner's counsel.

Please assure us that this order is going to stop the garnishment and is going to result in the post-bankruptcy garnished funds being restored to Mr. Turner.

Alan

**From:** Clements, Scott <sclements@dmclaw.com>
**Sent:** Monday, July 1, 2019 11:29 AM
**To:** Alan Wenokur <alan@wrlawgroup.com>
**Cc:** Andrew L Turner (andrewlturner2@gmail.com) (andrewlturner2@gmail.com) <andrewlturner2@gmail.com>; Cozza, Piero <PCozza@dmclaw.com>
**Subject:** FW: Tabatznik v. Turner [IWOV-Bricker2.FID1651150] [DMC-MAIN.FID2040439]

Alan,

As requested, please see the below email string and attachments. Please let us know how you and Andy would like us to proceed.

Thanks very much,
Scott


**Scott D. Clements, Esquire**
Shareholder
412-392-5484 Office
888-811-7144 Fax
sclements@dmclaw.com | Bio/vCard



NOTICE: You have received an e-mail from sclements@dmclaw.com. The e-mail message and all attachments transmitted with it are intended solely for the use of the intended recipient and may contain legally privileged and confidential information. If you are not the intended recipient, or an employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of the message or its attachments is strictly prohibited. If you

2

have received a message in error, please notify the sender immediately by replying to the message and delete the message from your computer.

**From:** Cozza, Piero
**Sent:** Sunday, June 30, 2019 8:12 PM
**To:** 'Sweeney, Craig' <CSweeney@bricker.com>
**Cc:** Clements, Scott <sclements@dmclaw.com>; Wilson, Nancy <NWilson@dmclaw.com>; Skipper, Amber <askipper@dmclaw.com>
**Subject:** FW: Tabatznik v. Turner [IWOV-Bricker2.FID1651150] [DMC-MAIN.FID2040439]

Craig:

Let me talk to Scott Clemons about this and one of us will get back to you. I was out several days last weeks due to a mediation and hearings.

Pete

**Piero P. Cozza, Esquire**
Shareholder
740-284-1682 Office
888-811-7144 Fax
PCozza@dmclaw.com

**From:** Sweeney, Craig <CSweeney@bricker.com>
**Sent:** Tuesday, June 25, 2019 4:00 PM
**To:** Cozza, Piero <PCozza@dmclaw.com>
**Subject:** Tabatznik v. Turner [IWOV-Bricker2.FID1651150]

**This message originated from outside your organization**

Pete,

I have attached draft filings in the above-referenced matter. Shortly after receiving the Judgment Entry in our case, I received a proof of claim form for Mr. Turner. In conjunction with my client's national counsel (and pursuant to the bankruptcy stay), we need to stay the garnishment. I spoke to the Belmont County Clerk of Courts and they indicate that the attached with suffice.

Please let me know if you have any comments or suggestions, and if I have your consent to sign your name "per authorization."

--Craig



**Craig E. Sweeney**
Of Counsel
**Bricker & Eckler LLP** | 258 Front Street | Marietta, OH 45750

3

**Direct Dial** | **csweeney@bricker.com** | **v-card** | **www.bricker.com**

This electronic transmission contains information from the law firm of Bricker & Eckler LLP which is privileged, confidential or otherwise the exclusive property of the intended recipient or Bricker & Eckler LLP. This information is intended for the use of the individual or entity that is the intended recipient. If you have received this electronic transmission in error, please notify us by telephone at 614-227-8899, or by electronic mail at webmaster@bricker.com. Please promptly destroy the original transmission. Thank you for your assistance.

# EXHIBIT I

# Earnings    Statement



Period Beginning:    06/09/2019
Period Ending:    06/22/2019
Pay Date:    07/05/2019

*TRINITY   REHABILITATION   SERVICES   LLC*
*72640  FAIRPOINT-NEW   ATHENS   ROAD*
*ST.CLAIRSVILLE   OH  43950*

Taxable  Marital  Status:    Married
Exemptions/Allowances:
    Federal:    1
    WA:    No State Income  Tax

**ANDREW    LLOYD   TURNER**
**13002   SUNRISE   DRIVE,  NE**
**BAINBRIDGE   ISLAND  WA  98110**

| Earnings | rate | hours | this period | year to date |
|----------|------|-------|-------------|--------------|
| Regular | 14230.76 | 80.00 | 14,230.76 | 199,230.64 |
| **Gross Pay** | | | **$14,230.76** | 199,230.64 |

| Deductions | Statutory | this period | year to date |
|------------|-----------|-------------|--------------|
| | Federal Income  Tax | -2,919.74 | 40,876.36 |
| | Medicare  Tax | -206.34 | 2,888.84 |
| | Social  Security  Tax | | 8,239.80 |
| | WA  Paid  Family  Leave  Ins | | 177.16 |
| | WA  Paid  Medical  Leave  Ins | | 159.48 |
| | **Other** | | |
| | Garnishment | -2,543.57 | 12,717.85 |
| | **Net  Pay** | **$8,561.11** | |
| | Checking | -8,561.11 | |
| | **Net  Check** | **$0.00** | |

**Important  Notes**
7406950069

Your  federal  taxable  wages  this  period  are
$14,230.76

© 2000  A.D.P.,  LLC

TRINITY  REHABILITATION  SERVICES  LLC
72640  FAIRPOINT-NEW  ATHENS  ROAD
ST.CLAIRSVILLE  OH  43950

**Advice  number:**    **00000260012**
Pay  date:    07/05/2019

**THIS IS NOT A CHECK**

| Deposited  to  the  account  of | account  number | transit  ABA | amount |
|---------------------------------|-----------------|--------------|--------|
| **ANDREW   LLOYD   TURNER** | xxxxxx5111 | xxxx  xxxx | $8,561.11 |

# NON-NEGOTIABLE